**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **D'ANGELO HARVEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:13-11327** |
| | ) | |
| **JOEL ZEIGLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

Petitioner was arrested by State authorities on June 26, 2009, and released on bond the same day. (Document No. 10-1, p. 5.) Petitioner was arrested by Tennessee State authorities on September 23, 2009, and held in State custody. (Id.) On October 14, 2009, Petitioner's probation was revoked by the State and he was sentenced to a term of imprisonment. (Id., p. 2.) On March 23, 2010, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Tennessee. (Id., pp. 2 - 3, 5, 8.) On May 13, 2011, while Petitioner was on loan to

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Federal authorities pursuant to the writ, Petitioner was paroled by the State and released on the Federal detainer. (Id., pp. 3, 5, 8, 10.) On January 12, 2012, the United States District Court for the Middle District of Tennessee imposed a 100-month term of imprisonment for being a Convicted Felon in Possession of a Firearm and Possession with Intent to Distribute 5 Grams or More of Crack Cocaine. (Id., pp. 12 - 17.) The Federal sentencing judge recommended to the BOP that (1) "defendant be housed at the federal facility in Memphis, Tennessee," and (2) "defendant receive credit for time served in federal custody beginning on March 23, 2010." (Id., p. 13.) Petitioner's Federal sentence commenced on January 12, 2012, the date it was imposed. (Id., pp. 19 - 20.)

On May 15, 2013, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody. (Document No. 1.) Specifically, Petitioner argues that the BOP is denying him "time credit due to the fact that they claim he was serving two difference sentences, one for State and one for Federal." (Id., p. 2.) Petitioner argues that Respondent is erroneously claiming that the Federal "sentencing Judge was silent as to whether or not the Federal sentence was concurrent or consecutive to the State sentence." (Id.) Petitioner argues that his Judgment and Commitment Order states that his Federal sentence was to begin on March 23, 2010. (Id.) Petitioner, therefore, argues that his "is owed *Willis* credit." (Id.) Petitioner explains that he was "denied release on bail because of a Federal detainer that was lodged against him." (Id.) Petitioner, therefore, argues that he is entitled to *Willis* credit. (Id.) As relief, Petitioner requests that "he receive all his time credit beginning from March 23, 2010." (Id., p. 3.)

By Order entered on July 9, 2013, the United States Magistrate Judge R. Clarke VanDervort ordered that Respondent file an Answer to the allegations contained in the Petitioner's

Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.)

On August 7, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1)"Petitioner's Federal Sentence commenced on January 12, 2012" (Id., p. 3.); (2) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 3 - 4.); and (3) "Petitioner is not entitled to *Willis* credit" (Id., pp. 4 - 5.).

As Exhibits, Respondent files the following: (1) The Declaration of Alan Ray (Document No. 10-1, pp. 2 - 3.); (2) A copy of the U.S. Department of Justice's "Designation of Sentence Computation Center" dated February 2, 2012 (Id., p. 5.); (2) A copy of USMS Form 129 (Id., pp. 7 - 8.); (3) A copy of the Petitioner's "Release Form" from Davidson County Sheriff's Office dated May 16, 2011 (Id., p. 10.); (4) A copy of the "Judgment in a Criminal Case" as filed in the Middle District of Tennessee on January 19, 2012, in Criminal Action No. 3:09-00220 (Id., pp. 12 - 17.); and (5) A copy of the Petitioner's "Sentence Monitoring Computation Data as of 07-12-2013" (Id., pp. 19 - 20.)

Petitioner did not file a Reply to Respondent's Response. By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 12.)

## ANALYSIS

### 1. Petitioner's Federal sentence did not commence until January 12, 2012.

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant

is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on January 12, 2012.[2] Accordingly, Petitioner's Federal sentence

---

[2] Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in State custody. *See United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the

did not commenced until January 12, 2012, the date his Federal sentence was imposed.

**2. Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

---

prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --

**(1)** the resources of the facility contemplated;
**(2)** the nature and circumstances of the offense;
**(3)** the history and characteristics of the prisoner;
**(4)** any statement by the court that imposed the sentence --
**(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
**(B)** recommending a type of penal or correctional facility as appropriate; and
**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. *See Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). In the instant case, there is no indication that Petitioner requested that the BOP consider him for nunc pro tunc designation. To the extent Petitioner wishes to be considered for nunc pro tunc designation, Petitioner should file such a request with the BOP. Although the sentencing court recommended that Petitioner receive credit for time served beginning on March 23, 2010, the BOP is required only to consider the Court's recommendation as one of the five favors in deciding whether the grant or deny nunc pro tunc designation. *Loveless v. Ziegler*, 2012 WL 3614315 (S.D.W.Va. Aug. 21, 2012)(J. Johnston)("[The BOP] is under no statutory obligation to yield to the sentencing judge's recommendation, and indeed, to do so would be an abuse of discretion.")(citation omitted).

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth and Seventh Circuits indicated that a petitioner was entitled to time spent in *presentence* State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. See Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)(even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Pursuant to Kayfez, the BOP grants prior custody credit, even if it results in a double-credit toward a State sentence, when three conditions are met: (1) a prisoner's State and Federal sentence are run concurrently; (2) the raw effective full term date of the State term is later than the raw effective full term date of the Federal term; and (3) the State raw full term date, after application of qualified State presentence time, is reduced to a date that is earlier than the Federal raw effective full term date. See Program Statement 5880.28. If the above conditions are met, credit is awarded towards the Federal sentence

in the amount that will adjust the Federal raw full term release date to equal the State sentence's effective full term date. The BOP, however, is not required to award Federal pre-sentence credit for time served after the commencement of the State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993).

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against his Federal sentence for the following time periods: (1) June 26, 2009 (the day he was arrested and released on bond by State authorities for charges that lead to his Federal indictment); and (2) From May 14, 2011 (the day after he was released on parole by State authorities to the Federal detainer) to January 11, 2012 (the date prior to the imposition of Federal sentence). (Document No. 10-1, p. 19.) Similar to the petitioner in Grigsby, Petitioner's reliance upon Kayfez and Willis is misplaced because the time he is seeking credit for is not "*Willis* time." See Grigsby, 223 Fed.Appx. at 489. Petitioner is seeking Federal credit for time served after the commencement of his State sentence, but before the imposition of his Federal sentence. Petitioner received credit towards his State sentence for the time period of March 23, 2010, through May 13, 2011. The BOP may not grant prior custody credit for time that has been credited against another sentence. See DeJesus v. Zenk, 2010 WL 1141395 (3rd Cir. Mar. 25, 2010)(slip copy)(stating "that the reasoning in the '*Willis/Kayfez* line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced'")(citing Rios v. Wiley, 201 F.3d 257, 273 n. 13 (3rd Cir. 2000), *superseded on other grounds*, United States v. Saintville, 218 F.3d 246 (3rd Cir. 2000)); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a

defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for March 23, 2010, through May 13, 2011.

**3. Petitioner's reliance upon Jefferson v. Berkebile.**

To the extent Petitioner contends that his case is similar to Jefferson v. Berkebile, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010), the Court finds his claim to be without merit. Unlike Jefferson, there is no evidence that the Federal sentencing judge imposed Petitioner's Federal sentence based upon false assumptions concerning Petitioner's State sentence. In Jefferson, the Federal sentencing judge made statements indicating that a lengthy Federal sentence was imposed based on the assumption that (1) petitioner's impending State sentence would run concurrently with his Federal sentence, (2) petitioner would be transferred from a State jail to a Federal prison shortly after the sentencing hearing, and (3) petitioner's Federal sentence would likely be the only punishment petitioner would receive. In Jefferson, the District Court concluded that the Federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure." Id., 688 F.Supp.2d at 486. Unlike the facts in Jefferson, there is no evidence that the Federal sentencing judge imposed a greater sentence based upon a false assumption that Petitioner would serve his Federal and State sentences concurrently. The record reveals that the Federal sentencing judge merely *recommended* that "defendant receive credit for time served in federal custody beginning on March 23, 2010." (Document No. 10-1, p. 13.)(emphasis added). Furthermore, there is no indication in the record that the Federal sentencing judge intended for Petitioner's Federal sentence to run concurrent with

his State sentence. The record clearly reveals that Petitioner was released on parole as to his State sentence on May 13, 2011, which was prior to the imposition of Petitioner's Federal sentence on January 12, 2012. Based upon the foregoing, the undersigned finds Petitioner's reliance upon Jefferson to be misplaced.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: April 29, 2016.

Omar J. Aboulhosn
United States Magistrate Judge